UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                      Criminal Case No. 15-20708
                                                     Honorable Linda V. Parker

v.

CORTEZ DEONTE SCALES

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS [ECF NO. 21]

This matter comes before the Court on Defendant Cortez Deonte Scales's ("Defendant") motion to suppress and for evidentiary hearing. (ECF No. 21.) Defendant seeks to suppress evidence deriving from the traffic stop of Defendant that occurred on October 19, 2015. (Def.'s Mot., ECF No. 21). The government filed a response in opposition to the motion. (Pl.'s Resp. Br., ECF No. 26.) On May 11, 2016, an evidentiary hearing was held. For reasons provided below, Defendant's motion to suppress is **DENIED**.

**I.**

On October 19, 2015, Defendant was driving with a front seat passenger – John Fitzgerald Williams ("Williams") – and was stopped by Michigan State Police Troopers Steven Fisher ("Trooper Fisher") and Thomas Pinkerton ("Trooper

1

Pinkerton") (collectively "troopers"). (Def.'s Mot., ECF No. 21 at Pg. ID 61; Pl.'s Resp. Br., ECF No. 26 at Pg. ID 78.) On this date, the troopers were heading eastbound on Carpenter Road in Flint, Michigan, and Defendant's vehicle was heading west bound, towards them. (Pl.'s Resp. Br., ECF No. 26 at Pg. ID 78.) While Defendant's vehicle was heading in the troopers' direction, the troopers purportedly observed that Defendant was engaged in improper lane usage – namely, that the "[Defendant's] vehicle's driver side tires [were] totally across the double yellow lines for the left turn lane," in violation of Mich. Comp. Laws § § 257.634 and 257.642. (Pl.'s Resp. Br., ECF No. 26 at Pg. ID 80.) Consequently, the troopers stopped Defendant's vehicle. (Def.'s Mot., ECF No. 21 at Pg. ID 64.) Further, Trooper Fisher testified that while walking towards the vehicle, he noticed that Defendant's passenger, John Fitzgerald Williams ("Williams") was not wearing a seatbelt – in violation of Mich. Comp. Laws § 257.710e(3). (Hr'g Tr., ECF No. 36 at Pg. ID 118–119.) Subsequently, Trooper Fisher asked Defendant for his license, registration and proof of insurance. (*Id.* at Pg. ID 121.) Defendant then handed Trooper Fisher his Michigan Identification Card and told to the trooper that his license was suspended. (*Id.*) Consequently, Plaintiff was placed in handcuffs. Trooper Fisher testified that while Defendant was handcuffed, he asked Defendant "if there was anything illegal in the vehicle," to which Defendant replied, "No, go ahead." (*Id.* at Pg. ID 122.) Consequently, Trooper Fisher

searched the vehicle and found a loaded handgun under the driver's seat. (*Id.* at Pg. ID 124.) Thereafter, Defendant was charged with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 7 at Pg. ID 15.)

## II.

Defendant asserts that: (1) the troopers lacked sufficient probable cause to justify the traffic stop of the vehicle; and (2) the search of the vehicle was unlawful, pursuant to *Arizona v. Gant*, 556 U.S. 332 (2009), because "[Defendant] was detained and handcuffed and away from the vehicle, [and thus,] there was no legal justification for a search of the vehicle at that time." (Def.'s Mot., ECF No. 21 at Pg. ID 61, 66–67.)

In response to Defendant's assertions, the Government argues that there was probable cause to stop the vehicle, given that "[t]he troopers observed the vehicle's driver side tires totally across the double yellow lines for the left turn lane," in violation of Mich. Comp. Laws §§ 257.634 and 257.642.[1] (Pl.'s Resp. Br., ECF No. 26 at Pg. ID 80.) Further, the government claims that the subsequent search of the vehicle was valid for the following three reasons: (1) the troopers obtained consent to search the vehicle from Defendant; (2) there was probable cause to

---

[1] The Government also asserted that there was probable cause for the stop because Williams was not wearing a seatbelt while the vehicle was in operation. (Pl.'s Resp. Br., ECF No. 26 at Pg. ID 80.) However, at the motion hearing the Government withdrew this assertion. (Hr'g Tr., ECF No. 36 at Pg. ID 168.) Thus, the Court will not consider this purported basis for probable cause.

search the vehicle, given that the odor of marijuana was emanating from the vehicle; and (3) an inventory search of the seized vehicle was required. (*Id.* at Pg. ID 81-85; Hr'g Tr., ECF No. 36 at Pg. ID 173–74.) The Court need only focus on the third proffered reason, given that it is dispositive.

### III.

The Fourth Amendment prohibits unreasonable searches and seizures by the Government, and an ordinary traffic stop is a "seizure" within the meaning of the Fourth Amendment. *United States v. Jackson*, 682 F.3d 448, 453 (6th Cir. 2012). Further, a police officer may lawfully stop a car when he or she either has probable cause to believe that a civil traffic violation has occurred or reasonable suspicion of an ongoing crime. *Id.* (citing *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008) (further citations omitted)).

The Sixth Circuit gives particular deference to a trial court's assessment of credibility. *United States v. Gray*, 182 F. App'x 408, 411 (6th Cir. 2006) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573–75 (1985)). "[F]indings of fact anchored in credibility assessments are generally not subject to reversal upon appellate review." *Id.* (citing *United States v. Taylor*, 956 F.2d 572, 576 (6th Cir.1992) (en banc)). "However, a court's decision to credit testimony can constitute clear error if the testimony was implausible, internally inconsistent, or

against the weight of evidence, such that no reasonable fact-finder would credit it." *Id.* (citing *Anderson*, 470 U.S. at 575.

### IV.

At the motion hearing, both Trooper Fisher and Trooper Pinkerton testified that they observed the vehicle operated by Defendant cross the double yellow lines of the left turn lane while heading westbound on Carpenter Road – in violation of Mich. Comp. Laws §§ 257.634 and 257.642. (Hr'g Tr., ECF No. 36 at Pg. ID 117, 157-58.) Further, both stated that this violation served as the basis for the stop. (*Id.*) The Court finds the troopers' testimony to be convincing – as it pertains to the officers having observed the vehicle cross over the double yellow line, and the fact that this violation served as the basis for the stop. Accordingly, the Court gives credit to said testimony.

"[T]he driver of a vehicle shall drive the vehicle upon the right half of the roadway." Mich. Comp. Laws § 257.634. Further, "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the operator has first ascertained that the movement can be made with safety. Mich. Comp. Laws § 257.642. Additionally, "[a] police officer legally may stop a car when he has probable cause to believe that a civil traffic violation has occurred." *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008) (citing *United States v. Sanford,* 476 F.3d 391, 394 (6th Cir.2007)) (further citations omitted).

Thus, by crossing the double yellow lines of the left turn lane while heading westbound on Carpenter Road, Defendant plainly violated both of these statutes and committed a civil infraction – given that Defendant did not keep the vehicle within its proper lane while operating the vehicle. Therefore, the troopers consequently had probable cause to stop the vehicle.

## V.

Further, the Court finds that the search of the vehicle was required and rejects Defendant's assertion that the search was unlawful. Trooper Fisher testified that the vehicle was towed pursuant Michigan State Police policy, since the vehicle "was still [in] a lane of travel [,] and it would have been unsafe to leave [the vehicle] in the lane." (Hr'g Tr., ECF No. 36 at Pg. ID 125-26.) Trooper Fisher also testified to the fact that an inventory search is conducted "every time a vehicle is towed." (*Id.* at Pg. ID 133.) Defendant has not contested the fact that the towing of the vehicle in this instance was conducted pursuant to Michigan State Police policy. Further, "[t]he Fourth Amendment permits impoundment decisions and inventory searches that are objectively justifiable[.]" *United States v. Kimes*, 246 F.3d 800, 805 (6th Cir. 2001) (citing *Whren v. United States,* 517 U.S. 806, 812 (1996)). The impoundment and inventory search of the vehicle in the case at bar was objectively justifiable, given the fact that the vehicle would have remained in a

lane of travel had it not been towed. Thus, the search of the vehicle was therefore lawful and proper.

Accordingly, given that there was probable cause for the stop, and that the search of the vehicle was lawful, Defendant's bases for suppression necessarily fail and Defendant's suppression motion is therefore **DENIED**.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 9, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 9, 2016, by electronic and/or U.S. First Class mail.

s/ Shawna Burns on behalf of Richard Loury
Case Manager